UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD SOLLARS,
SHADY AWAD, and
JEFFREY BAUM,

    Defendants.

                               /

Case No. 19-20836

Hon. Mark A. Goldsmith

## STIPULATION SEEKING CONTINUANCE AND FINDING OF EXCLUDABLE DELAY

Through their respective counsel, the Government and Defendant Richard Sollars stipulate and agree to adjourn the dates in this case, including an adjournment of the trial date. On January 8, 2021, and in light of the parties' stipulation dated December 11, 2020, the Court issued its *Order Granting Continuance and Finding Excludable Delay,* which among other dates set this case for trial commencing on January 24, 2022. For the reasons set forth below, the parties stipulate to an extension of the trial date to September 12, 2022 or such later date as the Court can accommodate. Additionally, the parties stipulate to a motion

filing deadline of July 15, 2022, a plea cutoff of August 12, 2022, and a final pretrial conference at a date and time convenient to the Court.

The parties also stipulate and jointly move for the Court to find that the time period between January 24, 2022 and the trial date later determined by the Court qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The parties agree that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendants in a speedy trial and because the delay is necessary for counsel for Defendants and counsel for the Government to adequately and effectively prepare for trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- Defendant Sollars needs additional time to review discovery, conduct further investigation, and consult with experts. In addition to the reasons contained in the parties' December 11, 2020 stipulation, the co-defendants have pleaded guilty and another related defendant recently was charged by Information and also pleaded guilty. The Sollars defense team anticipates that those defendants may appear as trial witnesses.

- Once the defense has completed its further investigation and review, the parties will need additional time to determine whether a negotiated resolution is possible.
- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. That health emergency and societal disruption continues in Michigan, which is in the midst of a surge that rivals that last experienced in Spring 2021.
- Although the Court recently reopened to jury trials, due to the ongoing pandemic they are resuming cautiously and only rarely are they occurring contemporaneously. Moreover, in-custody cases are taking priority in scheduling trials, and the Court has a substantial backlog of those cases.
- Even where jury trials occur, they do not occur in a conventional courtroom layout especially as it relates to voir dire and the seat placement of sitting jurors, due to the Court's social distancing precautions.  Further, among attorneys and parties, social

distancing and the wearing of facemasks impose significant barriers to effective communication during trials.

- The pandemic also has substantially impeded the defense's effective trial preparation, which supports an ends-of-justice continuance of the trial in this case, under 18 U.S.C. § 3161(h)(7)(B)(iv). These case-specific reasons include the difficulty of defense counsel at times to secure investigators and experts, which professionals are themselves struggling to keep up with reopening and at the same time follow appropriate public health protocols. Additionally, trial preparation necessarily involves close contact with colleagues, witnesses, and others, which is considerably more difficult while complying with appropriate protocols.
- This extra time will allow the defendants, in reviewing the discovery, to determine whether any pretrial motions are necessary and decide whether to proceed to trial or resolve the case through a plea agreement. In addition, the additional time will also allow the parties to attempt to resolve this matter short of trial and, in the event that a pretrial resolution of the case

cannot be reached, it will provide the parties sufficient time to prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial, and is necessary for the parties to adequately and effectively prepare pretrial motions, assess pretrial resolution options, and prepare for trial.

**IT IS SO STIPULATED.**

*(Signatures on following page)*

*s/Frances Lee Carlson(with consent)*  *s/Todd F. Flood (with consent)*
Assistant United States Attorney   Todd F. Flood (P58555)
211 W. Fort Street   Attorney for Richard Sollars
Suite 2001   401 N. Main Street
Detroit, Michigan 48226   Royal Oak, Michigan 48067
(313) 226-9696   (248) 547-1032
frances.carlson@usdoj.gov   tflood@floodlaw.com

*s/John A. Shea*
John A. Shea (P37634)
Attorney for Richard Sollars
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: (734) 995-4646
jashea@earthlink.net

Dated:  November ____, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD SOLLARS,
SHADY AWAD, and
JEFFREY BAUM,

    Defendants.
_____/

Case No. 19-20836

Hon. Mark A. Goldsmith

**ORDER GRANTING CONTINUANCE
AND FINDING EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue and for a finding that the time period from January 24, 2022, to September 12, 2022 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv). For the reasons described in the parties' submission, which the Court adopts as it findings, and after considering the factors listed in §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv), the Court further finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that this

time period qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

**IT IS THEREFORE ORDERED** that the dates and deadlines set forth in this Court's January 8, 2021 *Order Granting Continuance and Finding Excludable Delay* shall be extended as follows: the motion filing deadline is extended to July 15, 2022, the plea cutoff is extended to August 12, 2022, the final pretrial conference in this case shall take place on August 17, 2022 at 2:00 p.m., and the jury trial shall commence on September 12, 2022 at 8:30 a.m.

**IT IS FURTHER ORDERED** that the time from January 24, 2022 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

Dated:  December 28, 2021         s/Mark A. Goldsmith
   Detroit, Michigan              MARK A. GOLDSMITH
                                  United States District Judge