UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                             Case No. 19-20836

v.                                                  Hon. Mark A. Goldsmith

D-1 RICHARD SOLLARS,

    Defendants.
_____/

## STIPULATION AND ORDER TO CONTINUE THE TRIAL AND FIND EXCLUDABLE DELAY

Through their respective counsel, the Government and Defendant Richard Sollars stipulate and agree to adjourn the dates in this case, including an adjournment of the trial date. On December 28, 2021, and in light of the parties' stipulation, the Court issued its *Order Granting Continuance and Finding Excludable Delay,* which among other dates set this case for trial commencing on September 12, 2022. (ECF No. 64, PageID.258). For the reasons set forth below, the parties stipulate to an extension of the trial date to __*(late Jan/early Feb)*___, 2023 or such later date as the Court can accommodate. Additionally, the parties

stipulate to a motion filing deadline of December 16, 2022, a plea cutoff and a final pretrial conference of January 18, 2023.

The parties also stipulate and jointly move for the Court to find that the time period between September 12, 2022 and the trial date later determined by the Court qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The parties agree that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendant in a speedy trial and because the delay is necessary for counsel for Defendant and counsel for the Government to adequately and effectively prepare for trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- Defendant Sollars needs additional time to review discovery, conduct further investigation, and consult with experts.
- Once the defense has completed its further investigation and review, the parties will need additional time to determine whether a negotiated resolution is possible.
- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a

health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. That health emergency and societal disruption continues in Michigan, which is in the midst of a surge due to the Omicron variant.

- Although the Court recently reopened to jury trials, due to the ongoing pandemic they are resuming cautiously in that multiple trials are not occurring contemporaneously. Moreover, in-custody cases are taking priority in scheduling trials, and the Court has a substantial backlog of those cases.

- This extra time will allow the defendants in reviewing the discovery, to determine whether any pretrial motions are necessary and decide whether to proceed to trial or resolve the case through a plea agreement. In addition, the additional time will also allow the parties to attempt to resolve this matter short of trial and, in the event that a pretrial resolution of the case cannot be reached, it will provide the parties sufficient time to prepare for trial.

- If a pretrial resolution of this case cannot be reached, counsel also have a backlog of trials involving in-custody defendants that have

been delayed by the pandemic and are scheduled for trial in other cases immediately before and after the currently scheduled trial date in this case. This will impede the ability of counsel to effectively prepare for trial in this case.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial, and is necessary for the parties to adequately and effectively prepare pretrial motions, assess pretrial resolution options, and prepare for trial.

**IT IS SO STIPULATED.**

*(Signatures on following page)*

<div style="display: flex;">

*s/Frances Lee Carlson*
Frances Lee Carlson (P62624)
Assistant United States Attorney
211 W. Fort Street
Suite 2001
Detroit, Michigan 48226
(313) 226-9696
frances.carlson@usdoj.gov

*s/John A. Shea (with consent)*
John A. Shea (P37634)
Attorney for Richard Sollars
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: (734) 995-4646
jashea@earthlink.net

</div>

*s/Eaton P. Brown*
Eaton P. Brown (P66003)
Assistant United States Attorney
211 W. Fort Street
Suite 2001
Detroit, Michigan 48226
(313) 226-9184
eaton.brown@usdoj.gov

*s/Todd F. Flood (with consent)*
Todd F. Flood (P58555)
Attorney for Richard Sollars
401 N. Main Street
Royal Oak, Michigan 48067
(248) 547-1032
tflood@floodlaw.com

Dated: May 20, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              Case No. 19-20836

v.                                       Hon. Mark A. Goldsmith

D-1 RICHARD SOLLARS, ,

    Defendant.
_____/

**ORDER GRANTING CONTINUANCE
AND FINDING EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue and for a finding that the time period from September 12, 2022 to February 28, 2023 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv). For the reasons described in the parties' submission, which the Court adopts as it findings, and after considering the factors listed in §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv), the Court further finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy

trial and that this time period qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

**IT IS THEREFORE ORDERED** that the dates and deadlines set forth in this Court's December 28, 2021 *Order Granting Continuance and Finding Excludable Delay* shall be extended as follows: the motion filing deadline is extended to December 16, 2022, the plea cutoff and final pretrial conference in this case shall take place on January 18, 2023 at 2:00 p.m., and the jury trial shall commence on February 28, 2023 at 8:30 a.m.

**IT IS FURTHER ORDERED** that the time from September 12, 2022 and February 28, 2023, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

Dated: June 2, 2022            s/Mark A. Goldsmith
    Detroit, Michigan        MARK A. GOLDSMITH
                                   United States District Judge