United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                                      Case No. 19-cr-20836

v.

                                      Hon. Mark A. Goldsmith

Richard Sollars,

            Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Richard Sollars, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Counts 1 and 19 of the indictment. Count 1 charges the defendant with conspiracy to commit bribery concerning programs receiving federal funds under 18 U.S.C. §§ 371 and 666(a). Count 19 charges the defendant with wire fraud under 18 U.S.C. § 1343.

**2.      Statutory Maximum Penalties**

The defendant understands that the counts to which he is

pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 years |
|---|---|---|
| | Fine: | $250,000 |
| | Term of supervised release: | Not more than 3 years |
| Count 19 | Term of imprisonment: | 20 years |
| | Fine: | $250,000 |
| | Term of supervised release: | Not more than 3 years |

The defendant further understands that the Court has the

discretion to run the sentences of imprisonment on the counts of

conviction consecutively to each other.

**3.      Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will move to dismiss any remaining

charges in the indictment against the defendant in this case.

Specifically, the United States Attorney's Office will move to dismiss Counts 2, 4, 6, 8, 10, 12, 14 (bribery charges), and Counts 16–18 and 20–33 (wire fraud charges) of the indictment.

## 4.    Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional money laundering and tax fraud charges against the defendant for the conduct reflected in the factual basis.

## 5.    Elements of Count of Conviction

The elements of Count 1 are:

First:    Two or more persons conspired, or agreed, to commit the crime of bribery concerning programs receiving federal funds;

Second:   The defendant knowingly and voluntarily joined the conspiracy; and

Third:    A member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

The elements of bribery concerning programs receiving federal funds are:

First:      At the time alleged in the indictment, defendant was an agent of the City of Taylor;

Second:   The City of Taylor was a local government that received, in any one-year period before or after the commission of the offense, federal benefits in excess of $10,000;

Third:     The defendant corruptly solicited, accepted and agreed to accept cash and other things of value, with the intent to be influenced and rewarded in connection with any business transaction and/or series of transactions of the City of Taylor; and

Fourth:   The business transaction and/or series of transactions involved anything of value of $5,000 or more.

The elements of Count 19 are:

First:      The defendant knowingly devised a scheme to defraud in order to deprive another of money or property;

Second:   The scheme included a material misrepresentation or concealment of a material fact;

Third:     The defendant had the intent to defraud; and

Fourth:   The defendant caused another to use wire
communications in interstate commerce in
furtherance of the scheme.

**6.   Factual Basis**

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense and any relevant conduct,

and provide a sufficient factual basis for the defendant's guilty plea:

**Count 1:** Between June 2015 and February 2019, in the Eastern

District of Michigan, defendant Richard Sollars, who then was the

elected Mayor of the City of Taylor, conspired with Shady Awad and

others to commit the crime of bribery concerning programs receiving

federal funds. Sollars and Awad agreed that Sollars would corruptly

accept things of value with the intent to be influenced and rewarded in

connection with a series of business transactions totaling more than

$5,000 related to the City of Taylor's Right of Refusal (ROFR) program.

The City of Taylor received federal benefits in excess of $10,000 during

each of the calendar years 2015 through 2019.

**Right of First Refusal Program.** Prior to and during each of the years of the defendant's criminal conduct, Shady Awad, the owner of a property development company, was competing annually to be selected by the City of Taylor to enter into a development agreement with the City under which he would be awarded houses in connection with the City's ROFR Program. On July 20, 2015, Sollars exercised his authority as Mayor and recommended to the Taylor City Council that Awad's company, Realty Transition, be awarded all of the tax-foreclosed properties that the City had or would acquire under its ROFR program. As a result of Sollars's official acts, in 2015, Awad was awarded all 95 tax-foreclosed properties in Taylor's ROFR program, and Sollars, on behalf of the City of Taylor, signed the development agreement with Awad. In each of the three subsequent years, Sollars, intending to be influenced and rewarded by the things of value that he received from Awad, recommended to the City Council that Realty Transition be awarded the City's ROFR properties. As a result of Sollars's exercise of his authority over the ROFR program, Awad was awarded the vast majority of the City's ROFR properties and entered into a development

agreement with the City of Taylor, signed by Sollars on behalf of the
City. Specifically:

- In 2016, Realty Transition was awarded 29 of the 34 ROFR
  properties.
- In 2017, Realty Transition was awarded 38 of the 43 ROFR
  properties.
- In 2018, Realty Transition was awarded all 37 of the ROFR
  properties.

As Mayor, Sollars had significant influence over the award of
properties under the City's ROFR Program. Sollars corruptly accepted
and agreed to accept items of value from Shady Awad with the intent to
be influenced and rewarded in connection with the administration of
the ROFR program, in that Sollars agreed to exercise his authority to
increase the likelihood that Awad received the vast majority of the
properties in the ROFR program. In return for and in anticipation of
exercising his authority in this way, between July 2016 and February
2019, Sollars corruptly accepted from Awad improvements, renovations,
and other things of value for Sollars's personal residence, office, and
lake house.

Page **7** of **25**

**Count 19:** In January 2018, Sollars engaged in a scheme to defraud donors to his Committee to Elect Rick Sollars, Jr. ("CTE") campaign account. Sollars, and others acting at his direction, falsely represented to the public and to potential donors that donations to the CTE account would be used in ways consistent with a political campaign fund, even though Sollars then knew some of the donations would be used for his personal benefit.

In January 2018, and in furtherance of this scheme to defraud, Sollars directed his campaign treasurer to provide Sollars with a signed blank check from his CTE account. Sollars then made the CTE check payable to Dominick's Market in the amount of $5,600, purporting to represent payment for catering services provided to the campaign. The memo line of the check stated: "Catering Superbowl City Hall," and Hadir one of the owners of Dominick's Market, Altoon then prepared a false invoice dated January 28, 2018, purporting to reflect a bill for catering services for a Superbowl party at City Hall costing $5,600. In fact, as Sollars knew, Altoon had not provided catering worth $5,600 for a Superbowl party at City Hall. Instead, Altoon cashed the CTE check and gave some of the money to Sollars for

his personal use. Altoon's cashing of the check caused a wire communication to be made in interstate commerce between the State of Michigan and the State of Illinois.

## 7.   Advice of Rights

The defendant has read the indictment has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

## 8.    Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 9.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

As to Count 1:

- USSG § 2C1.1(a)(1) – Defendant was a public official
- USSG § 2C1.1(b)(1) – More than one bribe
- USSG § 2C1.1(b)(3) – Offense involved elected official

As to Count 19:

- USSG § 2B1.1(a)(1) – Wire fraud
- USSG § 2B1.1(b)(9(A) – Misrepresentation – acting on behalf of a political organization

Additionally, as to Count 1, although the parties have no agreement as to the value of the bribes involved in the offense and in any relevant conduct, the government recommends that under USSG § 2C1.1(b)(2) an increase of six levels be applied because the value of bribes involved was more than $40,000 and less than $95,000.

Similarly, with respect to Count 19, the parties have no agreement as to the loss amount applicable under USSG § 2B1.1(b)(1). The government recommends that an increase of six levels should apply because the loss amount attributable to the offense and any relevant conduct was more than $40,000 and less than $95,000.

**D.    Factual Stipulations for Sentencing Purposes**

The parties have no additional factual stipulations for sentencing purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations in paragraphs 9.B or 9.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' agreements in paragraph 9.B or 9.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and

must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a).

### B.    Imprisonment

#### 1.    Agreement

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties

agree that a sentence no higher than 71 months is the appropriate

disposition of the case.

#### 2.    Limited Right to Withdraw

If the Court rejects the agreement by deciding to impose a

sentence of imprisonment higher than permitted by paragraph 10.B.1,

the defendant will be permitted to withdraw his guilty plea. That is the

only reason the defendant may withdraw his guilty plea. If the

defendant decides not to withdraw his guilty plea in those

circumstances, the defendant agrees that the Court may impose a

sentence higher than permitted by paragraph 10.B.1 and that all other provisions in this agreement will remain in effect.

If the Court rejects the plea agreement by rejecting any other terms or terms of this agreement, the government will be permitted to withdraw from this agreement.

## C.   Supervised Release

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the ~~government's recommendation~~ parties' agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Forfeiture

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. §§ 371 and 1343 as charged in Counts 1 and 19 of the Indictment.

Defendant also agrees to the entry of a forfeiture money judgment against him in favor of the United States in an amount representing the proceeds obtained by him as a result of the violations charged in Counts 1 and 19 of the Indictment. Consistent with the requirements of Fed. R. Crim. P. 32.2(b)(1)(A)-(B), the forfeiture money judgment amount will be determined by agreement of the parties, or by the Court, in advance of sentencing.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds and the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case. The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

The defendant will cooperate with in the government as requested by the government in connection with the government's efforts to identify, locate, seize, and forfeit property that is subject to forfeiture

Page **18** of **25**

under this agreement. The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, property that is forfeitable to the United States under this agreement and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.

The defendant waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds 71 months.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the

defendant properly raises those claims by collateral review under 28
U.S.C. § 2255. The defendant also retains the right to pursue any relief
permitted under 18 U.S.C. § 3582(c), as long as the defendant properly
files a motion under that section. The defendant, however, waives any
other right he may have to challenge his conviction or sentence by
collateral review, including, but not limited to, any right he may have to
challenge his conviction or sentence on any grounds under 28 U.S.C.
§ 2255 (except for properly raised ineffective assistance of counsel or
prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,
or Federal Rule of Civil Procedure 59 or 60.

13.   **Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty pleas or
breaches this agreement, or if the Court rejects this agreement, or if the
defendant's conviction or sentence under this agreement is vacated, the
government may reinstate any charges against the defendant that were
dismissed as part of this agreement and may file additional charges
against the defendant relating, directly or indirectly, to any of the
conduct underlying the defendant's guilty plea or any relevant conduct.

If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14.   Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 15.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 16.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 12:00 p.m. on August 22, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Daniel R. Hurley
Criminal Chief
Assistant United States Attorney

Frances Lee Carlson
Assistant United States Attorney

Robert A. Moran
Assistant United States Attorney

Dated: 8/22/2023

Page **24** of **25**

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____          _____
Todd F. Flood                                      Richard Sollars
Attorney for Defendant                       Defendant

_____
Kevin Mulcahy
Attorney for Defendant

Dated: