13

FILED
CLERK'S OFFICE
JAN 06 2026
U.S DISTRICT COURT
EASTERN MICHIGAN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**RICHARD SOLLARS,**
Movant,

v.

Case No. 0645 2:19cr20836 (1)
Related Civil Case: :-cv-__________

**UNITED STATES OF AMERICA,**
Respondent.

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

## I. INTRODUCTION AND JURISDICTION

This motion is filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on October 22, 2024, by the Honorable Mark A. Goldsmith, United States District Judge for the Eastern District of Michigan. Section 2255 authorizes a federal prisoner to seek post-conviction relief when the sentence "was imposed in violation of the Constitution or laws of the United States," was imposed by a court without jurisdiction, exceeded the statutory maximum, or "is otherwise subject to collateral attack."

Movant Richard Sollars respectfully invokes this Court's jurisdiction to remedy constitutional violations that infected his conviction and sentence. He challenges counsel's failure to enforce the written plea agreement's limitation of any non-specified enhancements as well as non-proven enhancements, failure of counsel to properly inform client of Supreme Court precedent in a similar case, and prosecutorial misconduct in the form of a material breach of the

plea agreement, which taken in concert with one another has created such a cumulative error to where the only remedy would be to vacate the sentence.

Jurisdiction lies in this Court under 28 U.S.C. § 2255(a) and § 1331 because Mr. Sollars is in federal custody under a judgment of this Court.

## II. CUSTODY AND TIMELINESS

The Judgment (Doc. 486) was entered October 22, 2024. An "Intent to Appeal" was filed on November 1, 2024 and was not officially dismissed until September 30, 2025. Sollars is presently in federal custody at USP Hazelton Satellite Camp serving the 71-month sentence imposed in Case No. 0645 2:19CR20836(1).

## III. PROCEDURAL HISTORY AND WAIVER OF COLLATERAL ATTACKS

Sollars entered into an Amended Plea Agreement (Doc. 311) that includes a standard waiver of appellate and post-conviction rights. In that agreement, he knowingly and voluntarily waived the right to file any direct appeal or collateral attack, including a motion under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct not known at the time of the plea.

Accordingly, this motion does not seek to relitigate the conviction or sentencing

determinations generally. It is brought solely within the narrow exception preserved by the plea agreement, which allows claims of ineffective assistance of counsel under the Sixth Amendment or prosecutorial misconduct unknown at the time of the plea. These constitutional claims remain reviewable under federal law. See *Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised for the first time in an initial § 2255 motion). Because the claims asserted here arise directly from counsel's failure to enforce the plea's express terms and to protect Sollars's rights during sentencing, they fall squarely within the exception to the collateral-attack waiver and are properly before this Court.

This motion is the movant's first motion under 28 U.S.C. § 2255. No previous § 2255 motions have been filed or adjudicated in this case, and therefore this motion is not a "second or successive" petition within the meaning of § 2255(h).

## IV. STATEMENT OF FACTS

On August 22, 2023, Sollars entered a guilty plea pursuant to a Plea Agreement filed as ECF No. 115. Under the agreement, the parties stipulated that, in accordance with U.S.S.G. § 2C1.1(a)(1), § 2C1.1(b)(1), and § 2C1.1(b)(3) , Sollars was a public official, accepted more than one bribe, and the offense involved an elected official. Further, according to U.S.S.G. § 2B1.1(a)(1) and § 2B1.1(b)(9)(A), Sollars committed Wire Fraud and Misrepresentation. The agreement further provided there was no agreement as to the value of the bribes involved in the offense and in any relevant conduct. The government recommended that an increase of six levels would be applied, due to the amount being more than $40,000 but less than $95,000. The

government also stated that pursuant to Fed. R. Cri. Pro. § 11(c)(1)(B), Sollars would receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), with a further stipulation being conditional in that if Sollars's offense level is 16 or greater, he would receive an additional one-level reduction for acceptance of responsibility, both subject to the government learning if Sollars engaged in any conduct inconsistent with acceptance of responsibility, at which point, the government could take away these departures and pursue an enhancement for obstruction of justice consistent with U.S.S.G. § 3C1.1.

The factual narrative contained in the plea agreement described Sollars,who at the time was the Mayor of the City of Taylor, conspired with Shady Awad and others to commit the crime of bribery concerning programs receiving federal funds. Sollars and Awad agreed that Sollars would corruptly accept things of value with the intent to be influenced and rewarded in connection with a series of business transactions totaling more than $5,000 related to the City of Taylor's Right of First Refusal ("ROFR") program. Sollars exercised his authority as the Mayor of Taylor and recommended to the City Council that Awad's property development company, Realty Transition, would be awarded all of the tax-foreclosed properties that the City had or would acquire under the ROFR program. The City Council awarded Awad all 95 tax-foreclosed properties in the ROFR program, and Sollars, on behalf of the City of Taylor, signed the development agreement with Awad. As a result of Sollars's exercise of authority over this program, Awad was awarded 29 out of 34 properties in 2016, 38 out of 43 properties in 2017, and all 37 properties in 2018. Sollars, between July 2016 and February 2019 corruptly accepted from Awad improvements, renovations, and other things of value for Sollars's personal residence, office, and lake house.

Furthermore, in January of 2018 Sollars engaged in a scheme to defraud donors to his Committee to Elect Rick Sollars, Jr. ("CTE") campaign account. Sollars, and others acting at his direction, falsely represented to potential donors that the donations to the CTE account would be used in ways consistent with a political campaign fund, even though Sollars knew that some of the donations would be used for his personal benefit. Sollars directed his campaign treasurer to provide Sollars with a signed blank check from his CTE account, to which Sollars made the check payable to Dominick's Market in the amount of $5,600, purporting to represent payment for catering services provided to the campaign. Hadir Altoon, one of the owners of Dominick's Market, prepared a false invoice dated January 28, 2018, for catering services for a Superbowl party at City Hall, costing the $5,600 referenced above. In fact, Sollars knew that Altoon had not provided this catering, but Altoon cashed the check and gave some of the money to Sollars for personal use.

On April 1, 2025, the Honorable Mark A. Goldsmith imposed a sentence of 71 months' imprisonment and three years of supervised release. The written Judgment (ECF No. 194) lists the offense of conviction as "18 U.S.C. §§ 371, and 1343 – Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds and Wire Fraud."

Sollars filed an "Intent to Appeal" on November 1, 2024 which was not dismissed until September 30, 2025. Sollars's wife met with Sollars's attorney on March 12, 2025. During this meeting, Attorney Todd Flood informed Alicia Sollars that Flood found an email from the AUSA where they agreed to pursue no enhancements, should Sollars agree to a plea agreement.

Alicia Sollars is still currently waiting for the emails. On September 23, 2025, Alicia sent a message to Flood Law manager Brook Barlow requesting the emails once again and sent another message regarding the emails directly to Todd Flood. The emails have still not been produced. He is currently designated to the USP Hazelton Satellite Camp in Bruceton Mills, West Virginia. This motion is his first motion under 28 U.S.C. § 2255 and is not a second or successive petition within the meaning of § 2255(h).

## V. GROUNDS FOR RELIEF

**Ground One:** Ineffective Assistance of Counsel in Violation of the Sixth Amendment — Failure of Counsel to Object to Enhancements not Included in the Plea Agreement

**Supporting Facts:**

(a) The Plea Agreement filed August 22, 2023 (ECF No. 115, page 13-14) expressly states: "The parties have no additional factual stipulations for sentencing purposes" and "Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations in paragraphs 9.B or 9.C."

(b) The Plea Agreement states that Sollars would receive a two-level downward departure for acceptance of responsibility, as well as be the beneficiary of a conditional further one-level downward departure if his offense level is 16 or greater.

(c) Further, the government stipulated and Sollars accepted, in the plea agreement, that the government would seek the guideline provisions detailed earlier ("public official, more than one bribe, and elected official; as well as "wire fraud" and "misrepresentation - acting on behalf of a political organization). The government further stipulated that they would seek an increase of six

levels on both, due to the value involved being more than $40,000, but less than $95,000.

(d) At Sentencing, the government claimed that Sollars lost his downward departures, due to obstruction of justice and also claimed that Sollars was a leader, thus opening him up to the "Leadership" enhancement.

(e) Counsel's failure to protect Sollars's plea rights and to object to the unproven and unstipulated enhancements constituted ineffective assistance of counsel in violation of the Sixth Amendment.

**Ground Two:** Ineffective Assistance of Counsel in Violation of the Sixth Amendment — Failure to Inform Client of Pending Supreme Court Case (USA v. Snyder, 603 U.S. 1, 2024)

**Supporting Facts:**

(a) The plea agreement stated that "Awad's company, Realty Transition, was awarded all of the tax-foreclosed properties that the city had or would acquire under its ROFR program."

(b) The factual basis in the plea agreement itself states that Sollars was "rewarded" by the things of value that he received from Awad.

(c) Counsel failed to object or attempt to negotiate based on the takeaway of the case *USA v. Snyder*, which was decided on June 16, 2024. *Snyder* dealt with a former Mayor of Portage, Indiana, who accepted a $13,000 payment from Great Lakes Peterbilt after the city awarded the company contracts worth approximately $1.1 million. Snyder claimed that the payment was for consulting services, but the government argued that it was an illegal gratuity. The Court, in a 6-3 decision, sided with Snyder, stating that 18 U.S.C. § 666 does not criminalize gratuities, only bribes. The main focus that was emphasized by the majority is the distinction between a bribe and a gratuity. Under *Snyder*, a bribe is a payment made with the intent to influence an official act. As a matter of federal law, a bribe requires a quid pro quo arrangement, where the payment

is directly linked to a specific action or decision. A gratuity, on the other hand, is a payment given a reward for a past action. Gratuities do not require a prior agreement or an explicit exchange.

(d) As a result, the sentencing court did not take precedent into consideration when moving forward with the case, or even hold any hearings as to whether or not any of the items of value were accepted with a quid pro quo agreement or if they would have fallen under the umbrella of a gratuity.

(e) Counsel's failure to assimilate current precedent into a case, inform his client of precedent, or even that the case was in front of the Supreme Court, as well as to renegotiate a plea agreement, pursuant to current precedent, constituted ineffective assistance under the Sixth Amendment, deprived Sollars of the full benefit of his plea bargain, and rendered the sentence unlawful within the meaning of 28 U.S.C. § 2255(a).

**Ground Three:** Violation of the Fifth Amendment Right to Due Process — Government Breach and Counsel's Ineffective Assistance for Failing to Enforce the Plea Agreement at Sentencing

**Supporting Facts:**

(a) As stated earlier, the plea agreement filed August 22, 2023 (ECF No. 115, page 13-14) expressly states: "The parties have no additional factual stipulations for sentencing purposes" and "Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations in paragraphs 9.B or 9.C.", which did not have any mention of the leadership enhancement that was presented at sentencing. Furthermore, there was not a hearing to see if Obstruction had actually occurred to deprive Sollars of his (at most) 3-level downward departure.

(b) At sentencing, the government presented the plea agreement as it was written, while not

sharing the recent precedent that had been decided in *Snyder*, which any reasonable attorney would have noted was factually similar. Furthermore, pages 42 and 43 of the Sentencing Transcripts show that another attorney of Sollars, Vince Haisha, stated to Judge Goldsmith that he was operating with the understanding that there were no intentions to pursue any enhancement against Sollars.

(c) The government's silence and acquiescence to the use of facts beyond the plea stipulations constituted a constructive breach of the plea agreement and violated due process, thus creating a material breach of the plea agreement. See Santobello v. New York, 404 U.S. 257 (1971).

(d) Counsel failed to object to this breach, failed to move to enforce the plea's terms, and failed to request specific performance through a corrected judgment. Counsel also failed to bring up the current precedent from *Snyder*, except during sentencing. This omission constituted ineffective assistance of counsel under the Sixth Amendment and deprived Sollars of the benefit of his plea bargain. Page 52 of the Sentencing Transcript has Todd Flood "falling on the sword" of his recommendation for an Evidentiary Hearing that led to the enhancement and prolonged sentence. Attorney Flood brought another attorney, Kevin Mulcahy, on to the legal team, who convinced Sollars to sign a plea agreement and then an evidentiary hearing would be held on loss amount. Mulcahy resigned from the team on November 22, 2023 and was not part of any of the hearings.

(e) As a result, the sentence imposed reflects conduct and statutory penalties inconsistent with the written plea, rendering the judgment unlawful within the meaning of 28 U.S.C. § 2255(a).

## VI. CUMULATIVE PREJUDICE

Even if any single error described above might not independently warrant relief, the

cumulative effect of counsel's failures deprived Sollars of a fundamentally fair sentencing proceeding and the full benefit of his plea agreement. Counsel's repeated omissions — failing to enforce the written plea agreement where no enhancements were discussed, aside from the obstruction, and failure to address the case in light of new precedent, both by defense's neglect and prosecutor's misconduct — worked together to undermine the integrity of the plea and the accuracy of the sentence.

Taken as a whole, these errors increased Sollars's statutory exposure and altered the guideline calculation. The combined prejudice satisfies the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), because there is a reasonable probability that, but for counsel's cumulative deficiencies, the outcome of the sentencing would have been materially more favorable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Sollars respectfully requests that this Honorable Court:

1. **Vacate** the sentence imposed on October 22, 2024, and resentence him in accordance with the precedent created by *Snyder*, while holding hearings to see if these were materially "bribes" or "gratuities" as denoted by the Supreme Court;

2. In the alternative, **order** specific performance of the plea agreement by directing entry of an Amended Judgment clarifying that Sollars's conviction and sentence are in violation of the plea agreement and resentence him in accordance to this;

3. **Grant** such other and further relief as may be just and proper, including an evidentiary hearing under Rule 8 of the Rules Governing Section 2255 Proceedings, appointment of counsel if necessary, and issuance of a certificate of appealability should relief be denied.

## VIII. VERIFICATION (28 U.S.C. § 1746)

I, Richard Sollars, declare under penalty of perjury that the foregoing motion and all statements contained herein are true and correct to the best of my knowledge and belief.

Executed on Dec 30, 2025 __________, 2025, at USP Hazelton, West Virginia.

____________________

Richard Sollars, Reg No. 58062-039

USP Hazelton

Satellite Camp

P.O. Box 2000

Bruceton Mills, WV 26525

# CERTIFICATE OF SERVICE

I, **Richard Sollars**, hereby certify that on this 30 day of December, 2025, I placed a true and correct copy of the foregoing *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* in the institutional legal mail system, with first-class postage prepaid, addressed to the following:

**Clerk of Court**
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Boulevard
Detroit, MI 48226

**Assistant United States Attorney**
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226

**Warden, USP Hazelton Satellite Camp**
United States Penitentiary Hazelton — Satellite Camp
P.O. Box 2000
Bruceton Mills, WV 26525

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Richard Sollars (Dec 30, 2025 13:21:08 EST)

**Richard Sollars**
Reg. No. 58062-039
USP Hazelton — Satellite Camp
P.O. Box 2000
Bruceton Mills, WV 26525

Alicia Sollars
22190 Hunter Circle D.
Taylor, MI 48180

9589 0710 5270 2180 7897 96

Retail

U.S. POSTAGE PAID
FCM LG ENV
TRENTON, MI 48183
JAN 02, 2026

48226

$7.47

RDC 99

R2305K140963-99

RECEIVED
JAN 06 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

Cleark of Court
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Boulevard
Detroit, MI 48226

U.S. MARSHALS